Walker, J. The solution of a single question will determine this case. Are three years peaceable and uninterrupted possession of lands and tenements next before the commencement of the action, whether held as tenant under the plaintiff or by adverse title, a bar to the plaintiff’s action? The material facts in reference to this point are, that the plaintiff, on the first of August, 1842, leased to one Udy the premises in dispute for the term of three years and three months, by virtue of which Udy entered and occupied the premises for a time: that thereafter the defendant entered upon and occupied the premises with Udy: that the defendant and Udy were partners in a cake shop on the premises: that Udy removed from the premises before the lease had expired, leaving defendant sole occupant, wh’o contiducd to occupy the same until the commencement of this suit. The issue was not guilty and limitation. At the instance of the plaintiff, the court, leaving the facts to be weighed by the jury, instructed them “that if Udy held as tenant under the plaintiff, and defendant entered and held under Udy, he cannot dispute the plaintiff’s right to the premises; that in such case they should consider the statutory limitation as commencing at the termination of the lease; and that the three years possession must be adverse possession, or it is no bar to the action.” The court refused to instruct, at defendant’s instance, that three years peaceable and uninterrupted possession next before the commencement of the suit was a bar to the action. We are of opinion that a tenant cannot dispute the title of his landlord. The other branch of the instructions given by the court presents more difficulty, and must be determined by the terms used, and the proper application of the limitation intended to be imposed upon the different classes of cases embraced under the statutory remedy. The statute says “three years peaceable and uninterrupted possession of the premises immediately preceding the filing of the complaint, maybe pleaded in bar of the action.” These terms, taken literally, embrace every cause of action provided for by the statute, and if this literal construction be found not to conflict with the other provisions of the act it should prevail. If, however, upon examination of the act, a literal construction would defeat the remedy designed to be afforded, such construction, if practicable, should be given to this section as will afford a remedy for every class of cases designed to be embraced under the statute. By reference to the statute it will be found that the second section gives a remedy for tortious entry and detainer of every grade, and for cases of peaceable entry and forcible dispossession, whether by actual force or otherwise. The third section provides for a distinct class of cases unattended with force, and is designed as a summary possessory remedy for forcible detainer alone. It provides that “when any person shall wilfully and with force hold over any lands, tenements, or other possessions, after the termination of the time for which they were demised, or let tó'liim, or the person under whom he claims, or shall lawfully or peaceably obtain possession, but shall hold the same unlawfully by force and after demand made in writing for the delivery of possession thereof by the person having- a right to such possession, his agent or attorney, shall reíase or neglect to quit such possession, such person shall be deemed guilty of a forcible detainer.” Here is a distinct class of cases, where the defendant acquires possession lawfully and perhaps most frequently under contract, and holds over after the term of his lease has expired (as in the case now before the court.) If this limitation clause be literally construed, its effect will be to render the third section of the statute inoperative in most instances which will arise under it. To demonstrate this, suppose A. lease to B. his farm for one year, B. enters and at the close of each year pays to A. his rent, and renews his covenant for four successive years, at the end of which time A. declines renting, and demands possession. Here, B. had four years peaceable, uninterrupted possession, and, although the third section expressly embraces his case, by a literal construction of the eighteenth section, the plaintiff is barred of his remedy. For further illustration, we will state a still stronger case, it is the case before us: A. leases to B. his lot of land for three years and three months, B. has a right to retain it under his lease for that time, and A. is bound by his contract to leave him in quiet possession; on the day the lease is out A. demands possession, B. (if this construction be allowed) would reply, your right of action under the law has expired three months since. In addition to the palpable inconsistency which must arise between the sections giving the right of action and limiting the time for its commencement, this construction conflicts with all the principles upon which the statutes of limitation rest for their existence. “The law of natuie,” says Yattel, “orders all to respect the right of property in him who possesses it, because it is for the peace, safety, and advantage of human society. For the same reason nature requires that every proprietor who, for a long time and without reason, neglects his right, should be presumed to have entirely renounced and abandoned it.” So limitation in debt rests upon the presumption from lapse of time that payment has been made: and in actions for real estate, on' the presumption of title from long acquiescence in possession. But how is it in these cases ? Here the landlord leases his land and receives the rent annually, or his house and receives a monthly rent, or his farm for a term of years, and on the day the lease expires he asserts title, surely no presumption can arise of acquiescence in either title or possession; and yet it is contended, for the appellant, that they are embraced within the provisions of this statute: we are clearly of opinion, not; and that a more liberal construction should be indulged, such as will leave the remedy intended to be afforded by this statute unimpaired. This can be done, according to Blackstone, by examining “the effects and consequences, and consulting the spirit and reason of the law.” The statute, according to its literal construction, was designed to apply to all the cases enumerated in the second section, as well as all those in the third section, except in cases where the defendant enters under contract or agreement with the plaintiff, or one who holds under him; in all of which last mentioned cases the statute is to be considered as beginning to run from the day when the lease or contract terminates. We are, therefore, of opinion that there is no error in the judgment of the circuit court, and the same is affirmed with costs.